## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 24 2018, 5:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

P. Stephen Miller
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Marvin J. Perkins,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 24, 2018<br><br>Court of Appeals Case No.<br>18A-CR-692<br><br>Appeal from the Allen Superior Court<br><br>The Honorable Frances C. Gull, Judge<br><br>Trial Court Cause No.<br>02D04-1607-CM-2633 |

**Shepard, Senior Judge.**

[1]     Marvin Perkins borrowed a vehicle and did not return it. He pleaded guilty to Class A misdemeanor unauthorized entry of a motor vehicle and was sentenced

to one year executed in the Indiana Department of Correction (DOC). He appeals, arguing the trial court abused its discretion at sentencing. We affirm.

## Facts and Procedural History

[2] The facts most favorable to the judgment are that on July 4, 2016, Gregory Hale allowed Perkins to borrow his van, but Perkins did not return it. At some point, the vehicle was listed on the police department's "hotsheet," and officers were informed that Perkins was the individual who took the van. Appellant's App. p. 9. On July 7, 2016, Perkins was seen driving the van by a Fort Wayne police officer. He was arrested and charged with unauthorized entry of a motor vehicle as a Class A misdemeanor.[1]

[3] On October 10, 2017, Perkins entered into a plea agreement and pleaded guilty as charged.[2] A hearing was held, following which the guilty plea was taken under advisement, and Perkins was placed in the drug court diversion program. Per the participation agreement, if Perkins successfully completed the program, the State would agree to request dismissal of the charges against him.

[4] On January 22, 2018, a verified petition to terminate the drug court program participation was filed, alleging that Perkins violated the terms of the

---

[1] Ind. Code § 35-43-4-2.7 (2014). Perkins also was charged with driving while suspended, a traffic infraction, which was later dismissed and is not at issue on appeal.

[2] He also pleaded guilty to Level 6 felony possession of cocaine, which was charged under a separate cause number. The matter is not at issue on appeal.

participation agreement.  That same day, Perkins withdrew from drug court. On February 22, 2018, the trial court found Perkins guilty, based on his earlier plea, and entered a conviction for unauthorized entry of a motor vehicle, as a Class A misdemeanor.  It sentenced him to one year executed in the DOC.

# Issue

[5] The sole issue Perkins raises on appeal is whether the trial court abused its discretion by imposing a one-year executed sentence.

# Discussion and Decision

[6] Sentencing decisions rest within the sound discretion of the trial court, and as long as a sentence is within the statutory range, it is subject to review only for an abuse of discretion.  *Anglemyer v. State*, 868 N.E.2d 482 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218.  An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it.  *Id*.  A trial court may abuse its discretion by failing to enter a sentencing statement, entering findings of aggravating and mitigating factors unsupported by the record, omitting factors clearly supported by the record and advanced for consideration, or giving reasons that are improper as a matter of law.  *Id*.

[7] Unauthorized entry of a motor vehicle is a Class B misdemeanor offense that can be charged as a Class A misdemeanor under certain circumstances.  *See* Ind. Code § 35-43-4-2.7(d), -(e).  Perkins contends that he pleaded guilty to

unauthorized entry as a Class B misdemeanor, not as a Class A misdemeanor and that, because the sentence for a Class B misdemeanor may not exceed 180 days, the trial court abused its discretion by imposing a sentence of one year. *See* Ind. Code § 35-50-3-2, -3. According to Perkins, the sentence imposed by the trial court was illegal and, thus, constituted fundamental error. *See Ben-Yisrayl v. State*, 908 N.E.2d 1223 (Ind. Ct. App. 2009) (any sentence contrary to, or violative of, penalty mandated by applicable statute is an illegal sentence, and a sentence that exceeds statutory authority is fundamental error and subject to correction at any time), *trans. denied*. We conclude that the trial court did not exceed its authority by imposing a one-year sentence, and that fundamental error did not occur.

[8] Perkins was charged with unauthorized entry of a motor vehicle as a Class A misdemeanor. *See* Ind. Code § 35-43-4-2.7. His charging information read in relevant part:

> **UNAUTHORIZED ENTRY OF A MOTOR VEHICLE**
> I.C. 35-43-4-2.7
> 3543427dMA
>
>  . . . On or about the 7th day of July, 2016, said Defendant, having no contractual interest in a motor vehicle, to wit: Maroon 2004 Chevy Venture Van owned by, [sic] Gregory Hale, did enter said vehicle, knowing that said Defendant did not have the permission of an owner, a lessee, or an authorized operator of said vehicle.

Appellant's App. p. 10. The "3543427dMA" was a handwritten notation that seemed to indicate that Perkins was charged with the offense as a Class A misdemeanor. *Id*.

[9] At his initial hearing, Perkins was told that he was charged with unauthorized entry as a Class A misdemeanor. At the guilty plea hearing, the trial court told Perkins that he was pleading guilty to unauthorized entry of a motor vehicle, a Class A misdemeanor. The trial court asked Perkins if he understood the charge to which he pleaded guilty, and Perkins replied: "Yes, I do." Tr. p. 10. The court reiterated, "You're pleading guilty to a . . . [C]lass 'A' misdemeanor," and Perkins replied, "Yes sir." *Id*. The court explained that a Class A misdemeanor "carries a penalty of up to one (1) year in jail . . . ." *Id*. The court asked Perkins, "[H]ow do you plead to count I, unauthorized entry of a motor vehicle, a [C]lass 'A' misdemeanor?" *Id*. at 12. Perkins stated, "Guilty." *Id*.

[10] The trial court made it clear to Perkins that he was pleading guilty to a Class A misdemeanor and that he could be sentenced to up to one year. Perkins' argument to the contrary fails. His sentence was not illegal, no fundamental error occurred, and the trial court did not abuse its discretion at sentencing.

# Conclusion

[11] For the foregoing reasons, we affirm the judgment of the trial court.

[12] Affirmed.

Vaidik, C.J., and Riley, J., concur.